IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| TREADMILLDOCTOR.COM, INC., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )     No. 08-2877 |
| | ) |
| DON JOHNSON, Individually, | ) |
| d/b/a EXERCISE EQUIPMENT | ) |
| SERVICE, INC., and d/b/a | ) |
| EXERCISE EQUIPMENT SERVICE, | ) |
| INC., d/b/a | ) |
| TREADMILLPARTZONE.COM, | ) |
| | ) |
|    Defendants. | ) |

---

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

Before the Court is the August 31, 2010 Motion to Dismiss Second Amended Complaint for Failure to State a Claim ("Motion") filed by Defendants Don Johnson and Exercise Equipment Service, Inc. (collectively, "Defendants"). (Def.'s Mot. to Dismiss Second Am. Compl. for Failure to State a Claim, ECF No. 29.) ("Defs.' Mot.") Plaintiff TreadmillDoctor.com, Inc. ("Plaintiff") responded in opposition on September 30, 2010. (Pl.'s Resp. to Defs.' Mot. to Dismiss Second Am. Compl. for Failure to State a Claim, ECF No. 30.) ("Pl.'s Resp.") For the following reasons, Defendants' Motion is GRANTED.

I.   Factual Background

Plaintiff is a corporation that provides service and replacement parts for treadmills. (Second Am. Compl. for Damages and Injunctive Relief ¶¶ 1, 4, ECF No. 25.) ("Second Am. Compl.") Since December 1, 1999, Plaintiff has continuously maintained a website, TreadmillDoctor.com, which provides exercise equipment reviews as a service to potential customers and as a means to attract potential customers to Plaintiff's internet-based salesroom. (Id. ¶¶ 4, 6.) On the website, Plaintiff maintains a notice of copyright as to all intellectual property contained on the website. (Id. ¶ 10.)

Plaintiff alleges that, on November 30, 2007, it received a certificate of registration for portions of its website. (Id. ¶ 7.) Plaintiff has attached a copy of that certificate to the Second Amended Complaint. (See id.; Ex. I, ECF No. 25-8.) However, Plaintiff's name does not appear on the certificate. (See Ex. I.) The certificate lists the copyright claimant as William Clark Stevenson and the authors of the copyrighted property, entitled "Treadmill & Elliptical Reviews – 2008," as William Clark Stevenson and Jon David Stevenson. (See id.) The Second Amended Complaint does not allege that William Clark Stevenson or Jon David Stevenson transferred the certificate of registration to Plaintiff. (See Second Am. Compl.) It also does not allege that Defendants copied or otherwise infringed

2

the copyright of materials protected by that certificate of registration. (See id.)

On December 23, 2008, Plaintiff submitted an application for copyright registration of additional portions of its website. (Id. ¶ 8.) It has attached a copy of that application to the Second Amended Complaint. (See id.; Ex. F, ECF No. 25-5.) The application contains Plaintiff's name and lists Plaintiff as the author and copyright claimant for five specific pieces of material: (1) 2008 Elliptical Best Buy Awards, (2) 2008 Elliptical Reviews, (3) 2008 Treadmill Best Buy Awards, (4) Troubleshooting Guide, and (5) 2008 Treadmill Reviews. (See Ex. F, at 2-4, 12, 22, 32, 42.) Plaintiff has not received a certificate of registration in response to the application. (Second Am. Compl. ¶ 8.)

On January 18, 2010, Plaintiff submitted an application for copyright registration for the entirety of its website. (Second Am. Compl. ¶ 9.) It has attached a copy of that application and an email indicating its receipt by the Copyright Office to the Second Amended Complaint. (See id.; Ex. G, ECF No. 25-6; Ex. H, ECF No. 25-7.) The application contains Plaintiff's name and lists Plaintiff as the author and copyright claimant. (See Ex. G, at 2-3.) In response to a question on the application asking what the author created and providing empty boxes next to potential responses, Plaintiff checked the box for "Computer

3

program." (Id. at 2.) It did not check the box for "Text/poetry," "Editing," "Collective Work," or "Compilation," and did not fill in empty space on the application following the words "Other." (See id.) Plaintiff has not indicated whether it has received a certificate of registration in response to the application. (See Second Am. Compl.)

Plaintiff states, "That Defendants have committed numerous violations of Plaintiff's intellectual property rights and infringement on Plaintiff's copyrights, both Federal and common law, as of August 2008 by copying copyrighted materials from Plaintiff's websites and using the copyrighted material on Defendants' websites without compensating Plaintiff." (Id. ¶ 11.)

In support, Plaintiff has attached printouts from its website, TreadmillDoctor.com, and Defendants' website, TreadmillPartsZone.com, to the Second Amended Complaint purportedly representing copyright infringement by Defendants. (See id. ¶¶ 2-3, 11-13; Ex. A, ECF No. 25-1; Ex. B, ECF No. 25-2.) Those printouts show, among other things, substantially similar language in the "terms of service" sections and return policies listed on both websites. (See Ex. A, at 3-5; Ex. B, at 3-9.)

Plaintiff also alleges that it maintains a list of references on its website and that Defendants copied and placed

4

that list on their website.  (See Second Am. Compl. ¶¶ 2-3, 12-
13.)  Plaintiff has attached to the Second Amended Complaint
copies of the reference lists from TreadmillDoctor.com and
TreadmillPartsZone.com.  (See id. ¶¶ 12-13; Ex. C, ECF No. 25-3;
Ex. D, ECF No. 25-4.)  The copies attached to the Second Amended
Complaint show similar lists of service providers presumably
servicing fitness equipment in Massachusetts.  (See Ex. C, at 1;
Ex. D, at 1.)

     The Second Amended Complaint states, "That Defendants have
and are intentionally infringing on Plaintiff's copyrighted
works in violation of [copyright law] in an effort to take
business from Plaintiff and harm the Plaintiff."  (Second Am.
Compl. ¶ 17.)  It also states that Plaintiff has suffered and
will continue to suffer irreparable harm to its business and
goodwill if Defendants are not enjoined from infringing on
Plaintiff's copyrighted material.  (See id. ¶ 15.)  It then
lists two counts: (1) intentional infringement of copyrighted
work and (2) intentional interference with business
relationships.  (See id. at 4-5.)

     Plaintiff originally filed a complaint for damages and
injunctive relief with this Court on December 30, 2008.  (Compl.
for Damages and Injunctive Relief, ECF No. 1.)  With the Court's
permission, Plaintiff filed an amended complaint.  (Order, ECF
No. 10.)  On January 20, 2010, Defendants moved to dismiss the

amended complaint's copyright infringement claim for lack of subject matter jurisdiction and its intentional interference with business relationships claim for failure to state a claim on which relief may be granted. (See Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction 1-3, ECF No. 11.) After responding in opposition to that motion to dismiss, Plaintiff moved to file the Second Amended Complaint. (See Pl.'s Resp., ECF No. 14; Second Mot., ECF No. 15.) This Court granted Defendants' motion to dismiss the amended complaint's intentional interference with business relationships claim, but denied that motion as to Plaintiff's copyright infringement claim and granted Plaintiff leave to file the Second Amended Complaint. (See Order 6-14, ECF No. 21.)

Plaintiff filed the Second Amended Complaint on July 10, 2010, asserting claims for copyright infringement and intentional interference with business relationships, notwithstanding the Court's order dismissing the intentional interference with business relationship claim for failure to state a claim. (See Second Am. Compl. 4-6.) Defendants then filed the Motion now before the Court on August 31, 2010. (See Defs.' Mot. 1-2.) In its response, Plaintiff concedes that its claim for copyright infringement under common law is preempted by 17 U.S.C. §§ 1 et seq. (Mem. in Supp. of Pl.'s Resp. 3, ECF No. 30-1.) ("Pl.'s Mem.") It also concedes that the Court has

dismissed its intentional interference with business relationships claim and states that it did not intend to revive that claim in the Second Amended Complaint. (See id.) Accordingly, Plaintiff's intentional interference with business relationships claim is DISMISSED.

## II. Jurisdiction

This Court has previously found that it has jurisdiction pursuant to 28 U.S.C. § 1332. (Order 3, ECF No. 21.) Based on the allegations in the Second Amended Complaint now before the Court, this Court has subject-matter jurisdiction over Plaintiff's copyright infringement claim under 28 U.S.C. §§ 1331 and 1338. See 28 U.S.C. §§ 1331, 1338; Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1246 (2010); Zomba Enters., Inc. v. Panorama Records, Inc., 491 F.3d 574, 580 (6th Cir. 2007).

## III. Standard of Review

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of

7

legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001) (citation omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

**IV. Analysis**

"Copyright infringement has two elements: '(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.'" Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 398 (6th Cir. 2007) (quoting Stromback v. New Line Cinema, 384 F.3d 283, 293 (6th Cir. 2004)); accord Zomba Enters., 491 F.3d at 581 (citations omitted). "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Section 411 states, in relevant part, that "[n]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

In Reed Elsevier, the Supreme Court clarified the effect of § 411(a)'s registration requirement. See Reed Elsevier, 130 S. Ct. at 1241. It held that the registration requirement does not divest federal courts of subject-matter jurisdiction over copyright infringement claims where the copyright holder has failed to comply with the registration requirement. See id. at 1241, 1249. Instead, the "registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." Id. at 1241. A

9

"precondition" is "something that must exist before something else can come about." Webster's Third New International Dictionary 1785 (1986).

When a plaintiff files a copyright infringement action before preregistration or registration of the copyright claim has occurred, the "precondition" required by § 411(a) is not satisfied. See Reed Elsevier, 130 S. Ct. at 1241 (holding that registration of a copyright "is a precondition to filing a claim"); Coles v. Wonder, 283 F.3d 798, 801 (6th Cir. 2002) ("While copyright protection dates from the time that an artist creates an original work that may be copyrighted, such as a song, a cause of action for infringement cannot be enforced until the artist actually registers the copyright pursuant to the requirements of the Copyright Act.") (citing 17 U.S.C. § 411(a)); Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc., 264 F.3d 622, 630 (6th Cir. 2001) (stating that "[a] copyright owner must formally register a derivative work with the United States Copyright Office as a prerequisite to filing a suit for infringement of that derivative work"), abrogated on other grounds, Reed Elsevier, 130 S. Ct. 1237; Bus. Audio Plus, L.L.C. v. Commerce Bank, NA, No. 4:10CV2064, 2011 WL 250670, at *2 (E.D. Mo. Jan. 26, 2011) (dismissing plaintiff's copyright infringement claim because plaintiff failed to allege or demonstrate the existence of a valid copyright registration in

10

its literary works) (citations omitted); cf. La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1200 (10th Cir. 2005) ("The plain language of the statute thus requires a series of affirmative steps by both the applicant and the Copyright Office.  No language in the Act suggests that registration is accomplished by mere receipt of copyrightable material by the Copyright Office.  Instead, the Register of Copyrights must affirmatively determine copyright protection is warranted, § 411, before registration occurs under the Act."), abrogated on other grounds, Reed Elsevier, 130 S. Ct. 1237.

Although the district court has jurisdiction, the action is subject to dismissal when a defendant moves to dismiss the action for failure to state a claim.  See Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs., Inc., No. 3:09-cv-01098, 2010 WL 3872802, at *4 (M.D. Tenn. Sept. 28, 2010) (concluding after Reed Elsevier that, where plaintiffs did not obtain copyright registrations for six songs before they filed a copyright infringement action, their copyright infringement claims for the six songs were subject to dismissal for failure to state a claim); Pont Lezica v. Cumulus Media, Inc., No. 3:09-cv-912, 2010 WL 711792, at *2-3 (M.D. Tenn. Feb. 23, 2010) (granting motion to dismiss a copyright infringement claim because the plaintiff did not allege that the Copyright Office had approved or denied his application to copyright material at

11

issue), <u>abrogated on other grounds</u>, <u>Reed Elsevier</u>, 130 S. Ct. 1237; <u>Specific Software Solutions, LLC v. Inst. of WorkComp Advisors, LLC</u>, 615 F. Supp. 2d 708, 716 (M.D. Tenn. 2009) ("Plainly, Congress intended a scheme in which, before an entity could sue on a claim of copyright infringement, the Copyright Office would be entitled to pass, in an essentially non-binding manner, on the vitality of the copyright."), <u>abrogated on other grounds</u>, <u>Reed Elsevier</u>, 130 S. Ct. 1237. If the action were not subject to dismissal, the registration requirement would not be a "precondition" to filing a copyright infringement action. <u>See Reed Elsevier</u>, 130 S. Ct. at 1241; <u>Webster's Third New International Dictionary</u> 1785 (1986).

Here, Plaintiff alleges that, on November 30, 2007, it received a certificate of registration from the Copyright Office for portions of its website. (<u>See</u> Second Am. Compl. ¶ 7.) Plaintiff has attached a copy of the certificate of registration on which it bases the factual assertion to the Second Amended Complaint. (<u>See</u> <u>id.</u>; Ex. I.) The certificate of registration attached to the Second Amended Complaint contradicts the factual assertion. (<u>See</u> Ex. I.) Plaintiff's name does not appear on the certificate. (<u>See</u> <u>id.</u>) Instead, the certificate lists the copyright claimant as William Clark Stevenson and the authors of the copyrighted property as William Clark Stevenson and Jon David Stevenson. (<u>See</u> <u>id.</u>) When allegations in a complaint are

12

contradicted by written exhibits attached to the complaint, "the exhibits trump the allegations." Abcarian v. McDonald, 617 F.3d 931, 933 (7th Cir. 2010) (citation omitted); accord ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 n.8 (3d Cir. 1994) (citation omitted); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991) (citation omitted); Hamilton Foundry & Mach. Co. v. Int'l Molders & Foundry Workers Union of N. Am., 193 F.2d 209, 216 (6th Cir. 1952) (citations omitted). As Defendants correctly argue, Plaintiff does not allege in the Second Amended Complaint that William Clark Stevenson or Jon David Stevenson transferred ownership of the certificate of registration to Plaintiff. (See Second Am. Compl. ¶¶ 1-17; Defs.' Mem. in Supp. of Their Mot. to Dismiss Pl.'s Second Am. Compl. 9-10, ECF No. 29-1.) Although Plaintiff argues in its response that William Clark Stevenson registered the copyright as Plaintiff's agent and does not claim individual ownership of the copyrighted material (Pl.'s Mem. 4), this Court may not consider matters beyond the Second Amended Complaint in reviewing Defendants' motion to dismiss. See Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008) (citation omitted).

Based on the allegations in the Second Amended Complaint, Plaintiff has not pled facts plausibly demonstrating that it has an ownership interest in the materials protected by the November

30, 2007 certificate of registration. Plaintiff has also failed to allege that Defendants copied any information protected by that particular certificate of registration. (See Second Am. Compl. ¶¶ 7, 11-13; Ex. A; Ex. B; Ex. C; Ex. D; Ex. I.) Therefore, Plaintiff has failed to state a claim for copyright infringement of materials protected by the certificate of registration. See Iqbal, 129 S. Ct. at 1949; Bridgeport Music, 508 F.3d at 398; Zomba Enters., 491 F.3d at 581.

On December 23, 2008, Plaintiff submitted an application for copyright registration of additional portions of its website, including five specific pieces of material: (1) 2008 Elliptical Best Buy Awards, (2) 2008 Elliptical Reviews, (3) 2008 Treadmill Best Buy Awards, (4) Troubleshooting Guide, and (5) 2008 Treadmill Reviews. (See Second Am. Compl. ¶ 8; Ex. F, at 2-4, 12, 22, 32, 42.) However, Plaintiff does not allege that Defendants copied any material included in that application and admits that it has not received a certificate of registration in response to that application. (See Second Am. Compl. ¶¶ 8, 11-13; Ex. A; Ex. B; Ex. C; Ex. D; Ex. F.) Plaintiff also does not allege that it has registered its copyright claim. Therefore, Plaintiff has failed to state a claim for copyright infringement of materials for which it seeks protection through the December 23, 2008 application. See Reed Elsevier, 130 S. Ct. at 1241; Iqbal, 129 S. Ct. at 1949;

14

Bridgeport Music, 508 F.3d at 398; Zomba Enters., 491 F.3d at 581; La Resolana Architects, PA, 416 F.3d at 1200; Coles, 283 F.3d at 801; Bus. Audio Plus, L.L.C., 2011 WL 250670, at *2; Sony/ATV Music Publ'g LLC, 2010 WL 3872802, at *4.

On January 18, 2010, Plaintiff submitted an application for copyright registration for the entirety of its website. (Second Am. Compl. ¶ 9.)  Plaintiff does not allege that it has received a certificate of registration in response to that application or that it has registered its copyright claim. (See id.) Plaintiff has attached a copy of that application to the Second Amended Complaint. (See id.; Ex. G.)  That application seeks copyright protection for a "Computer program," not "Text/poetry," "Editing," a "Collective Work," or a "Compilation." (See Ex. G, at 2.)  Plaintiff does not allege that Defendants copied its computer program. (See Second Am. Compl. ¶¶ 11-14.)  Instead, Plaintiff alleges that Defendants copied text from its website, such as its terms of service, return policies, and list of service providers. (See id. ¶ 11; Ex. A; Ex. B; Ex. C; Ex. D.)  The Second Amended Complaint does not state, and Plaintiff's response to Defendants' Motion does not argue, that a copyright of a computer program would include the contents of its website. (See Second Am. Compl; Pl.'s Resp.; Pl.'s Mem.)  Therefore, Plaintiff has failed to state a plausible copyright infringement claim.  See Reed Elsevier, 130

S. Ct. at 1241; Iqbal, 129 S. Ct. at 1949; Bridgeport Music, 508 F.3d at 398; Zomba Enters., 491 F.3d at 581; La Resolana Architects, PA, 416 F.3d at 1200; Coles, 283 F.3d at 801; Bus. Audio Plus, L.L.C., 2011 WL 250670, at *2; Sony/ATV Music Publ'g LLC, 2010 WL 3872802, at *4.   Defendants' Motion must be granted.

Plaintiff argues that Defendants' Motion should be denied because their argument that lack of registration precludes filing suit "is more appropriately considered under Rule 12(b)(1) as a jurisdictional issue." (See Pl.'s Mem. 4.) In support, Plaintiff cites Specific Software Solutions, a case in which the United States District Court for the Middle District of Tennessee dismissed a copyright infringement action for lack of jurisdiction because the plaintiff had failed to comply with § 411(a)'s registration requirement. See Specific Software Solutions, 615 F. Supp. 2d at 716. Since that case, the Supreme Court has held that a plaintiff's failure to comply with § 411(a)'s registration requirement does not divest a district court of subject-matter jurisdiction. See Reed Elsevier, 130 S. Ct. at 1241. Instead, the plaintiff fails to satisfy "a precondition to filing a claim." Id. After Reed Elsevier, where a plaintiff does not satisfy that precondition, a defendant may challenge the legal sufficiency of a copyright infringement claim through a motion to dismiss pursuant to

16

Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Bus. Audio
Plus, L.L.C., 2011 WL 250670, at *2; Sony/ATV Music Publ'g LLC,
2010 WL 3872802, at *4.  Therefore, Plaintiff's argument is not
well-taken.

**V.   Conclusion**

For the foregoing reasons, Defendants' Motion is GRANTED.

So ordered this 31st day of March, 2011.


                              s/ Samuel H. Mays, Jr.
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE